UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:22-CV-111-JHM

JONATHAN SOLOMON                  PLAINTIFF

v.

BEL BRANDS USA, INC.                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [DN 7]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Remand is **GRANTED**.

### I. BACKGROUND

Plaintiff Jonathan Solomon filed this action in Grayson Circuit Court on July 22, 2022 against his former employer, asserting claims of disability discrimination, failure to accommodate, unlawful discharge, and retaliation under the Kentucky Civil Rights Act, KRS Chapter 344 *et seq*. [DN 1-2]. Subsequently, on August 17, 2022, Defendant Bel Brands USA, Inc. filed a Notice of Removal [DN 1] with this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).

Immediately after Bel Brands removed, Plaintiff Solomon filed this Motion to Remand [DN 7] stating that the amount in controversy is less than $75,000 along with a stipulation. Solomon asserts that the Court lacks subject-matter jurisdiction over this action and must therefore remand it. [DN 7]. Bel Brands opposes the motion [DN 9].

### II. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendant removed this action pursuant to 28 U.S.C. § 1441, claiming that this Court has diversity jurisdiction over the action under 28 U.S.C § 1332. Diversity jurisdiction gives "[t]he district

courts … original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a), (a)(1).

### III. DISCUSSION

Solomon does not dispute that complete diversity of citizenship exists between the parties. Rather, he disputes only whether the amount in controversy requirement is satisfied. In his original complaint, he stated that the amount in controversy "is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief." [DN 1-2 at 5]. Despite that assertion, Bel Brands removed the case due to allegations in the prayer for relief which did not contain any such limitations. Bel Brands claims that the prayer for relief is Solomon's first attempt to clarify the amount of damages sought, suggesting that Solomon actually intended to seek damages in excess of $75,000.

Solomon has a right to make a post-removal stipulation to clarify or re-assert that he will not seek or accept an award greater than the amount stated. *Davis v. Cotiviti, LLC*, No. 3:18-cv-00372-RGJ, 2019 WL 1359267, at *4 (W.D. Ky. Mar. 25, 2019); *Agri-Power Inc. v. Majestic JC, LLC*, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013). This district "has held on many occasions that under Kentucky law, a plaintiff whose case is removed to federal court may clarify, but not change, the amount of his demand in order to remain below the federal amount in controversy requirement and, thus, achieve remand." *Van Etten v. Boston Scientific Corp.*, No. 3:09-cv-442-H, 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009).

Bel Brands contends that when viewing paragraph four of Solomon's Complaint and the prayer for relief together, Solomon has already clarified that he seeks all the damages he is entitled to under the Kentucky Civil Rights Act. [DN 9 at 4]. Consequently, Bel Brands argues that it met

2

its burden at the time of removal. [*Id.*]. Bel Brands asserts that "Plaintiff's third statement about the damages he seeks in his post-removal stipulation is nothing short of a transparent act of gamesmanship to avoid federal court jurisdiction." [*Id.*]. The Court disagrees.

In his original complaint, Solomon clearly intended to limit the amount of damages he sought to less than $75,000. The prayer for relief did not change that. To the extent Bel Brands needed any clarification, it was provided by the stipulation. When a plaintiff chooses to submit a stipulation as to the amount in controversy, the stipulation must be unequivocal in order to "limit the amount of recoverable damages and warrant remand." *Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012) (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 744, 778 (W.D. Ky. 2012)); *Agri-Power*, 2013 WL 3280244, at *3. This district "has recognized that a plaintiff may stipulate that it *neither seeks*, *nor will accept*, damages in an amount greater than $75,000, and that such a stipulation will" be sufficiently unequivocal to destroy diversity jurisdiction. *Agri-Power*, 2013 WL 3280244, at *3 (emphasis added).

Solomon asserts that he has made a binding stipulation that destroys diversity jurisdiction.[1] Here, Solomon states his stipulation "is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to Plaintiff." [DN 7-1 at 1]. He also states this stipulation "expressly forecloses any possibility of Plaintiff receiving or accepting damages in excess of $75,000." [*Id.* at 2]. Solomon agrees he cannot revoke or amend his stipulation. [*Id.*]. Although Solomon's actual damages may be proven in an amount exceeding $75,000, the Kentucky state court will be forced to rely on Solomon's stipulation to prevent the award of damages from exceeding the stipulated maximum amount of

---

[1] Solomon's post-removal stipulation specifically states: "Plaintiff will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of past and future lost wages and benefits; compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment; punitive damages; costs; attorney's fees; and the fair market value of any injunctive relief." [DN 7-1 at 1].

$74,999.99. *See Marzette v. Charter Communs., LLC*, No. 3:17-cv-329-JHM, 2017 WL 4273305, at *3 (W.D. Ky. Sept. 26, 2017). The language that Solomon will neither "seek nor accept" an amount which exceeds $75,000 has been repeatedly found to be unequivocal by Kentucky federal courts. *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *4 (W.D. Ky. Dec. 21, 2018); *see Robinson v. Metz Culinary Mgmt., Inc.*, No. 3:21-cv-762-BJB, 2022 WL 1782604, at *2 (W.D. Ky. June 1, 2022); *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013).

The U.S. Supreme Court has ruled that stipulations such as the one here are "binding and conclusive … and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. Of Law v. Martinez*, 561 U.S. 661, 677 (2010) (quoting 83 C.J.S. Stipulations § 93 (2000)). "Thus, '[s]tipulations must be binding' because they amount to an 'express waiver made … by the party or his attorney conceding for purposes of the trial the truth of some alleged fact.' " *Agri-Power*, 2013 WL 3280244, at *4 (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)).

Plaintiff Solomon effectively states that he neither seeks nor will accept damages in excess of the jurisdictional amount, and he intends for this limitation to be binding and conclusive on all future proceedings. The Kentucky state court will be obligated to respect Solomon's stipulation to constrain the amount he may recover. *Robinson v. Metz Culinary Mgmt., Inc.*, No. 3:21-cv-762-BJB, 2022 WL 1782604, at *2 (W.D. Ky. June 1, 2022). Furthermore, "any attempt to void the commitment will be considered sanctionable conduct and may justify re-removal." *Mooney v. AT&T Corp.*, No. 3:18CV-225-CRS, 2018 WL 2670065, at *3 (W.D. Ky. June 4, 2018).

Therefore, the Court finds Plaintiff Solomon's stipulation to be valid, binding, and enforceable and this action will be remanded to Grayson Circuit Court.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [DN 7] is **GRANTED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record
Grayson Circuit court

October 12, 2022